**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Soto; and Victoria Craun, | No. CV-10-533-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Quechan Tribally Designated Housing Entity; Robert Letendre, Executive Director; Tad Zvodsky, Supervisor; and Housing and Urban Development, | |
| Defendants. | |

Plaintiffs Barbara Soto and Victoria Craun claim that they were discriminated against in the workplace on the basis of perceived sexual orientation. They brought suit against Quechan Tribally Designated Housing Entity ("Quechan Housing"), that entity's executive director, Robert Letendre, and supervisor, Tad Zvodsky, and the United States Department of Housing and Urban Development ("HUD"). Dkt. #1. The complaint asserts claims under Executive Order 13,087, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983. *Id.* ¶¶ 36-77.

Defendants have filed motions to dismiss. Dkt. ##15, 22. The motions are fully briefed. Dkt. ##16, 25, 26, 27. The request for oral argument (Dkt. #15) is denied because it will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). For reasons stated below, the Court will grant the motions.

**I.     The Claim Under Executive Order 13,087.**

Plaintiffs allege in count one of the complaint that the discrimination they suffered constitutes a violation of Executive Order 13,087 (Dkt. #1 ¶¶ 36-48), which amended

Executive Order 11,478 to provide that it is the policy of the federal government to prohibit discrimination in employment because of sexual orientation. 34 Fed. Reg. 12985 (Aug. 8, 1969); 63 Fed. Reg. 30097 (May 28, 1998). Executive Order 11,478 was further amended to provide that it "does not confer any right or benefit enforceable in law or equity against the United States or its representatives." Exec. Order No. 13152, 65 Fed. Reg. 26115 (May 2, 2000). "Executive Orders 13,087 and 11,478 do not create a judicially enforceable private right of action for [Plaintiffs]." *Centola v. Potter*, 183 F. Supp. 2d 403, 413 (D. Mass. 2002); *see Harmon v. Dep't of Veterans Affairs*, No. 4:06CV1674SWW, 2008 WL 495876, at *2-3 (E.D. Ark. Feb. 20, 2008); *Logan v. Chertoff*, No. 4:07-CV-1948 CAS, 2009 WL 3064882, at *1 n.3 (E.D. Mo. Sept. 22, 2009). The Court will grant the motions to dismiss with respect to count one.

**II.     The Title VII Claim.**

Count two of the complaint asserts a sex discrimination claim under Title VII. Dkt. #1 ¶¶ 49-77. Indian tribes and their agencies are exempt from the requirements of Title VII. 42 U.S.C. § 2000e(b)(1); *see Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998); *Dawavendewa v. Salt River Project Agric. Improvement Dist.*, 276 F.3d 1150, 1159 & n.9 (9th Cir. 2002); *NLRB v. Chapa De Indian Health Program, Inc.*, 316 F.3d 995, 1001 (9th Cir. 2003). Quechan Housing is an arm of the federally-recognized Quechan Tribe of the Fort Yuma Indian Reservation. *See* 74 Fed. Reg. 40218, 40221 (Aug. 11, 2009). Plaintiffs, therefore, may not bring a Title VII claim against Quechan Housing. *See Pink*, 157 F.3d at 1188 ("The district court properly concluded that Pink could not bring suit against Modoc under Title VII."); *Duke v. Absentee Shawnee Tribe of Okla. Hous. Auth.*, 199 F.3d 1123, 1126 (10th Cir. 1999) (dismissing Title VII claim against tribal housing entity); *Dillon v. Yankton Sioux Tribe Hous. Auth.*, 144 F.3d 581, 584 & n.3 (8th Cir. 1998) (same).

Nor may Plaintiffs assert Title VII claims against individual Defendants Robert Letendre and Tad Zvodsky. "Title VII applies to employers, not employees." *Coffin v. Safeway, Inc.*, 323 F. Supp. 2d 997, 1002 (D. Ariz. 2004) (citing *Miller v. Maxwell's Int'l,*

1 *Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)). This limitation applies even where the offending
2 employee is a director or supervisor. *See id.*; *Pink*, 157 F.3d at 1189 ("[C]ivil liability for
3 employment discrimination does not extend to individual agents of the employer who
4 committed the violations, even if that agent is a supervisory employee.").

5 HUD argues that the Title VII claim fails because Plaintiffs were employed not by
6 HUD, but by Quechan Housing. Dkt. #22 at 3-5. Plaintiffs do not address this argument in
7 their response. *See* Dkt. #25.

8 Title VII prohibits discrimination by an "employer." 42 U.S.C. § 2000e-2(a). While
9 the complaint alleges generally that Plaintiffs were "Federally employed by Defendant
10 Quechan Housing/HUD" (Dkt. #1 ¶ 18), it asserts no facts showing an employment
11 relationship with HUD. The complaint makes clear that at all times Plaintiffs were
12 "employees of Defendant *Quechan Housing* and subject to the direct or indirect control of
13 Defendant." *Id.* ¶ 25 (emphasis added); *see* Dkt. #25 ¶ 54.

14 To avoid dismissal, the complaint must plead "enough facts to state a claim to relief
15 that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This
16 plausibility standard "asks for more than a sheer possibility that a defendant has acted
17 unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the
18 reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.
19 Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiffs have failed to plead facts sufficient to show
20 an employment relationship, direct or otherwise, with HUD. Because Title VII applies only
21 to the conduct of employers, *see* 42 U.S.C. § 2000e-2(a), the Title VII claim against HUD
22 must be dismissed. *See EEOC v. Pac. Maritime Ass'n*, 351 F.3d 1270, 1277 (9th Cir. 2003)
23 (reversing judgment on Title VII claim where there was no employment relationship between
24 the parties); *Marks v. Ariz. Dep't of Economic Sec.*, No. CV 09-1591-PHX-JAT, 2010 WL
25 1416035, at *3 (D. Ariz. Apr. 8, 2010) (dismissing Title VII claim where the plaintiff failed
26 to sufficiently allege an employment relationship); *EEOC v. Creative Networks, LLC*, No.
27 CV 05-3032-PHX-SMM, 2009 WL 777189 (D. Ariz. Mar. 19, 2009) (no Title VII claim
28 against the parent company of the victim's employer); *Valdez v. Big O Tires, Inc.*, No. CV-

1  04-1620-PHX-JAT, 2006 WL 1794756, at *1-2 (D. Ariz. June 27, 2006) (no Title VII claim
2  against the franchisor of the plaintiff's employer); *see also Marceau v. Blackfeet Hous. Auth.*,
3  540 F.3d 916, 927-27 (9th Cir. 2008) (HUD had no civil liability to tribal members where
4  HUD funded projects of tribal housing authority); *Snyder v. Navajo Nation*, 382 F.3d 892,
5  896-97 (9th Cir. 2004) (affirming dismissal of tribal employees' claims against the United
6  States where they were "in reality claims against the tribe, [the plaintiffs'] true employer").

   In summary, the complaint asserts no legally or factually cognizable Title VII claim against any Defendant. The motions to dismiss will be granted as to the Title VII claim.

**III.   The Claim Under 42 U.S.C. § 1983.**

   Count two of the complaint asserts a claim under 42 U.S.C. § 1983 based on the same conduct underlying the Title VII claim. Dkt. #1 ¶ 61. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1153, 1139 (9th Cir. 2000). "To state a cause of action under § 1983, a plaintiff must 'plead that (1) the defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes." *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (citation omitted).

   The first element is not satisfied in this case. Nowhere in the complaint do Plaintiffs allege facts showing that Defendants have acted under color of state law. Because Indian tribes are separate and distinct sovereigns, no claim under § 1983 "can be maintained in federal court for persons alleging deprivation of [federal] rights under color of tribal law." *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983). Similarly, a § 1983 claim "will not lie against the United States government or its agencies" because these entities "are not 'persons' that can be sued under the statute, and actions of the federal government are facially exempt from section 1983." *White v. United States*, No. 1:08-cv-00738 OWW GSA, 2008 WL 2543246, at *2 (E.D. Cal. June 23, 2008) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973)); *see Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) ("§ 1983 provides no cause of action against federal agents acting under color of federal law"). The Court will grant the motions to dismiss with respect to the § 1983

claim. *See Lafaele v. Carter*, No. CIV S-07-2091 GEB JFM P, 2007 WL 3232259, at *1 (E.D. Cal. Oct. 31, 2007) (dismissing claim against the INS as "not cognizable under § 1983 because the INS is a federal agency, rather than a person acting under color of state law"); *Wallace v. N. Cheyenne Corr. Officers*, No. CV-09-116-BLG-RFC, 2009 WL 5173897, at *1 (D. Mont. Dec. 30, 2009) (granting motion to dismiss where the plaintiff failed to allege that "the tribal entities and officers acted 'under color of state law,' as is required to state a claim under § 1983"); *Mullins ve Sycuan Band of Kumeyaay Nation*, No. 08cv0870-LAB (JMA), 2008 WL 2745260, at *2 (S.D. Cal. July 11, 2008) (dismissing § 1983 claims against Indian tribe's police department and officers where the complaint "omitted one key element: they did not act 'under color of state law,' as is required to state a claim under that section").[1]

**IV.     Plaintiffs' Arguments.**

Plaintiffs make several arguments in opposition to the motions to dismiss. None has merit.

Citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), Plaintiffs assert that a motion to dismiss may be granted only where it appears, beyond doubt, that the plaintiffs can prove no set of facts that would entitle them to relief. Dkt. #25 at 6, 8-9. This standard was retired by the Supreme Court in *Twombly*. 550 U.S. at 563.

The motions to dismiss must be converted to summary judgment motions, Plaintiffs argue, because they reference matters outside the pleadings. Dkt. #25 at 6. While the motion filed by the tribal Defendants includes an affidavit from Defendant Letendre (Dkt. #16-1), the Court has not considered that affidavit in ruling on the motion. The motions to dismiss therefore need not be converted to summary judgment motions.

Plaintiffs argue that their claims are not subject to a heightened pleading standard. Dkt. #25 at 7-8. But the Court has not applied that standard in ruling on the motions to

---

[1] It is worth noting that a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), would fail because the tribal Defendants are not federal actors and a *Bivens* claim does not lie against a federal agency such as HUD. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-71 (2001); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).

- 5 -

1 dismiss. The Court has determined that the complaint's allegations, even when taken as true and construed in Plaintiffs' favor, *see Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009), are insufficient to state a plausible claim to relief. *See Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949.

Plaintiffs further argue that dismissal is not appropriate until they have had an opportunity to conduct discovery. Dkt. #25 at 8. But Plaintiffs do not explain how discovery would save their claims. Moreover, to allow Plaintiffs to conduct discovery before they have stated valid claims to relief "would subvert the purpose of the pleading requirements." *Carpa v. Smith*, No. CIV 96-1453 PHX EHC, 1998 WL 723153, at *4 (D. Ariz. July 20, 1998); *see Iqbal*, 129 S. Ct. at 1950 (Rule 8 "does not unlock the doors of discovery" for a plaintiff who has failed to plead a legally cognizable claim).

Plaintiffs reference EEOC guidelines, noting that the EEOC "is the federal agency responsible for administering and enforcing Title VII[.]" Dkt. #25 at 10. Plaintiffs, however, do not explain the relevance of the EEOC and its guidelines to the claims asserted in this suit.

**V.     Conclusion.**

The complaint purports to assert discrimination claims under Executive Order 13,087 (count one) and Title VII and 42 U.S.C. § 1983 (count two). The Court concludes that the complaint fails to state a valid claim to relief against any Defendant. The motions to dismiss will be granted.

Plaintiffs request leave to amend the complaint to further reflect the "true outrageous conduct" on the part of Defendants. Dkt. #25 at 3. The Court recognizes that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In opposing the motions to dismiss, however, Plaintiffs wholly failed to address the legal challenges to the complaint: that no private right of action exists under Executive Order 13,087, that Title VII does not apply to tribal entities or employees, that HUD was not Plaintiffs' employer for purposes of Title VII, and that Defendants were not persons acting under color of state law as required for a § 1983 claim. *See* Dkt. ##15, 22. Plaintiffs have not shown, and it does not otherwise appear to the Court, that the complaint's deficiencies can be cured through

amendment. The Court will therefore deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where the complaint could not be saved by any amendment).

**IT IS ORDERED:**

1. Defendants' motions to dismiss (Dkt. ##15, 22) are **granted**.
2. The Clerk is directed to **terminate** this action.

Dated this 30th day of June, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge