1  **WO**

2

3

4

5  **IN THE UNITED STATES DISTRICT COURT**

6  **FOR THE DISTRICT OF ARIZONA**

7

8  Barbara Soto; and Victoria Craun,          )     No. CV-10-533-PHX-DGC
                                              )
9              Plaintiff,                     )     **ORDER**
                                              )
10  vs.                                       )
                                              )
11  Quechan Tribally Designated Housing       )
    Entity; Robert Letendre, Executive        )
12  Director; Tad Zvodsky, Supervisor; and    )
    Housing and Urban Development,            )
13                                            )
               Defendants.                    )
14                                            )

15

16          Plaintiffs Barbara Soto and Victoria Craun claim that they were discriminated against

17  in the workplace on the basis of perceived sexual orientation.  They brought suit against

18  Quechan Tribally Designated Housing Entity ("Quechan Housing"), that entity's executive

19  director and supervisor, and the United States Department of Housing and Urban

20  Development.  Doc. 1.  The complaint asserted claims under Executive Order 13,087,

21  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983.

22  *Id.* ¶¶ 36-77.

23          In an order entered July 1, 2010 (Doc. 28), the Court granted Defendants' motions to

24  dismiss (Docs. 15, 22) on the ground that the complaint fails to state a valid claim to relief.

25  Defendants Quechan Housing, Robert Letendre, and Tad Zvodsky have filed a motion for

26  attorneys' fees and costs.  Doc. 30.  No response has been filed, and the time for doing so has

27  expired.  *See* LRCiv 54.2(b)(3).  For reasons stated below, the Court will grant the motion

28  in part and award Defendants $29,947.50 in fees and $1,109.52 in costs.

1    "[A] district court may in its discretion award attorney's fees to a prevailing defendant

2    in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or

3    without foundation, even though not brought in subjective bad faith." *Christianburg*

4    *Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).  Similarly, fees may be awarded to a

5    prevailing defendant in a civil rights action under 42 U.S.C. § 1983 where the suit is

6    "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449

7    U.S. 5, 10 (1980); *see also* 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988(b).

8    Plaintiffs' claims were entirely lacking in foundation.  No private right of action exists

9    under Executive Order 13,087.  *See* Exec. Order No. 13152, 65 Fed. Reg. 26115 (May 2,

10   2000); *Centola v. Potter*, 183 F. Supp. 2d 403, 413 (D. Mass. 2002).  Indian tribes and their

11   agencies are exempt from the requirements of Title VII.  *See* 42 U.S.C. § 2000e(b)(1); *Pink*

12   *v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998).  Title VII claims

13   may not be asserted against individual employees.  *See Pink*, 157 F.3d at 1189; *Coffin v.*

14   *Safeway, Inc.*, 323 F. Supp. 2d 997, 1002 (D. Ariz. 2004).  Because Indian tribes are separate

15   and distinct sovereigns, no claim under 42 U.S.C. § 1983 can be maintained in federal court

16   for persons alleging deprivation of federal rights under color of tribal law.  *See R.J. Williams*

17   *Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983).   In opposing

18   Defendants' motion to dismiss, Plaintiffs failed to address the legal challenges to the

19   complaint.  Docs. 15, 25.  Concluding that the complaint's deficiencies could not be cured

20   through amendment, the Court dismissed the complaint without leave to amend.  Doc. 28 at

21   6-7.  The Court finds that Defendants, as prevailing parties on utterly unfounded claims, are

22   entitled to an award of reasonable attorneys' fees and costs.

23   Defendants request an award of fees in the amount of $34,963.25.  Doc. 30 at 3.

24   Having reviewed the supporting memorandum, affidavit of counsel, and itemized statement

25   of fees (Doc. 31), and having considered the record as a whole and the relevant fee award

26   factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds a

27   reasonable fee to be $29,947.50.  The Court will not award fees ($1,895.50) incurred in

28   connection with Defendants' erroneous motion for summary ruling.  *See* Docs. 17, 23.  Nor

will the Court award fees ($3,120.25) for the time spent reviewing "Hudson guidelines for pre-trial report[.]" Doc. 31-1 at 36-37.  Defendants provide no explanation as to the nature of this review and why it was necessary to the litigation.  The Court, pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988(b), will grant Defendants' motion in part and award them attorneys' fees in the amount of $29,947.50.  The Court also will award costs in the amount of $1,109.52.

**IT IS ORDERED:**

1.   Defendants' motion for attorneys' fees and costs (Doc. 30) is **granted in part** and **denied in part**.

2.   Pursuant to 42 U.S.C. § 2000e-5(k) and 4 2 U.S.C. § 1988(b), attorneys' fees in the amount of **$29,947.50**, and costs in the amount of **$1,109.52**, are awarded in favor of Defendants Quechan Tribally Designated Housing Entity, Robert Letendre, and Tad Zvodsky.

3.   The Clerk is directed to enter judgment accordingly.

DATED this 16th day of September, 2010.

_____
David G. Campbell
United States District Judge